## Arnold's Estate.

*Decedents' estates—Partition—Life estate—Right of possession—Jurisdiction, O. C.—Acts of April 11, 1835, and June 7, 1917.*

1. Where a widow, having a life interest in the whole of the real estate of her husband, conveys an undivided portion of such life interest to one of the remaindermen, the conveyance works a merger of the two estates, and as to such interest the remainderman takes a fee.

2. In such case, as the remainderman has a present right of possession to the undivided interest so held in fee, he may maintain partition in the Orphans' Court, and the other remaindermen have no standing to object to it.

3. There is nothing in the Acts of April 11, 1835, P. L. 199, and June 7, 1917, P. L. 337, to forbid such partition.

Petition for partition. O. C. Clearfield Co., No. 3703.

*John C. Arnold,* for petitioner; *Chase & Chase,* contra.

BELL, P. J., June 13, 1923.—The case presents a single question of jurisdiction. Philip Arnold died Aug. 29, 1899, testate, and by his will devised all his lands to Malinda Arnold during her widowhood, and at her death to his nine children named; so that there was created a life estate in the whole property and nine remaindermen having undivided interests in the whole. By deed dated Aug. 7, 1922, Malinda Arnold conveyed a one-fiftieth interest in her life estate to J. A. Arnold, one of the remaindermen, said deed declaring that it was the intention of each of the parties to this conveyance that there "shall be a merger of the one-fiftieth undivided interest in the estate of the grantor conveyed herein" with the vested interest of the grantee as a remainderman under the terms of the will of Philip Arnold. This worked a merger *pro tanto:* Thompson's Estate, 252 Pa. 485; Griffith *v.* McKeever, 259 Pa. 605; 21 Corpus Juris, 1033-1037. Following this conveyance the land was held, namely: Malinda Arnold had a life interest in the undivided 49/50, J. A. Arnold had the fee of 1/50, J. A. Arnold had in remainder 41/450, eight others had in remainder 8/9.

J. A. Arnold, owning in fee 1/50, presented his petition for partition and a citation was awarded, to which four of the remaindermen filed an answer

denying jurisdiction to award partition. While the answer avers that the devise is of such nature as to vest in Malinda Arnold a right to exhaust the property and thereby defeat the remainders, this was not pressed on the argument. The substantial reason urged is that partition is prohibited by the proviso of section 1 in the Orphans' Court Partition Act of June 7, 1917, P. L. 337, as follows: "Provided, that such court shall not have jurisdiction during the continuance of any life estate in the whole of such real estate," which is based upon the contention that there is here a life estate applying to all of the property sought to be partitioned, and construing the terms "any life estate" and "whole of such real estate" accordingly. It may be conceded that the term "any life estate," if this section stood alone, would be highly persuasive and lend considerable force to the contention of the objectors.

Under the Act of April 11, 1835, P. L. 199, which is not stated as repealed by the Act of 1917, partition could be awarded where the life estate existed only as to part or parts of the property, and should proceed to divest the estate for life without the consent of the tenant, except where such tenant was "entitled to the exclusive possession." The 2nd section of the Act of 1917 is significant; in declaring who may bring partion, it includes "any person having a life estate in an undivided share of such real estate." Malinda Arnold has a life estate in an undivided share of this real estate, namely, 49/50 thereof, and falls within the descriptive terms used. If she can cause partition to be made, certainly the petitioner here has as much standing; he comes within the letter of the act, and the prayer should be granted unless the policy of the law intervenes. The clear purpose of the will was the well-being of his wife and minor children; but the testator died nearly twenty-four years ago, and it does not follow that the conditions which he then sought to guard against still exist. The widow is not in court objecting to this partition, and while her silence will not create jurisdiction, this silence, coupled with the deed to J. A. Arnold, is persuasive that she is not opposed to it. If, as is assumed, the will vested in her a life estate, she could legally convey the whole thereof and was not bound to remain in individual physical possession. The court is unable to say that this partition in any way defeats the purposes of the testator, nor does it appear that the objecting remaindermen are in any wise injured. No equity appeared to move the court to disapprove, and the objectors raise only the legal question of jurisdiction. There is cited Lee's Estate, 13 Phila. 291, holding that partition could not be had where a widow held a life estate in the entire real estate, resulting from the death of her husband and the subsequent death of their children, but the opinion recognizes that when she had a life estate of one-third or one-half, under the intestate laws, partition could be awarded. Wolfe's Estate, 22 Pa. C. C. Reps. 340, is a case of an estate by the curtesy, and its main value is a discussion of the Act of 1835, not material here. As we understand the law, unless changed by recent statutes, the right to bring partition is based upon a present right of possession, and we are unable to find any intention to depart from this test. As under the deed from Malinda Arnold the petitioner has a present right of possession to an undivided part of this property, the life estate acquired having merged with his remainder, we think he is entitled to the relief sought.

Now, June 13, 1923, the answer filed is found and adjudged insufficient, and an inquest of partition is awarded in accordance with the provisions of the Orphans' Court Partition Act of 1917. Exception noted and bill sealed to the objecting remaindermen.

From John M. Urey, Clearfield, Pa.