## Charles T. Held, Appellant *v.* LaFrance Properties, Inc., Appellee.

Argued December 7, 1983, before Judges Rogers, Williams, Jr. and Barbieri, sitting as a panel of three.

Kenneth A. Clouse, Beatty, Young, Clouse & Lincke, for appellant.

Henry B. Fitzpatrick, Jr., Liebert, Short, Fitzpatrick & Lavin, for appellee.

Opinion by Judge Rogers, February 8, 1984:

Haverford Township, in the person of its Code Enforcement Officer, has appealed from an order in mandamus of the Court of Common Pleas of Delaware County directing the township to issue to the appellee, LaFrance Properties, Inc., permits to build, occupy and use an office building in the R-1A Residential zoning district where only single family detached dwellings and public utility uses are permitted. The appellee proposes to erect a new office building containing 10,200 square feet and 51 parking spaces[1] on

---

[1] The figures as to the new building came from a plan which it was stipulated shows the proposal submitted by the appellee. The plan shows the existing building and the proposed 10,200 square feet new building and 51 new parking spaces.

the 42,247 square foot (about one acre) lot on which there presently is, and, as our examination of the record reveals will remain, a four-room, one story office building (about 1,000 square feet) and seven parking spaces. The township refused the applications on the ground that commercial buildings and uses were not permitted at the location.

These premises were the subject of this Court's decision in *Township of Haverford v. Spica,* 16 Pa. Commonwealth Ct. 326, 328 A.2d 878 (1974). The facts of that case were that the owner of the property whose deceased husband had used the existing four-room, one story building as an accounting office, desiring to lease it to another for the same purpose, consulted the township building inspector who suggested that she obtain zoning relief in the form of a variance or a special exception. She then filed applications for a variance and a special exception "[t]o continue to use as in past a one story stone building consisting of approximately 1,000 sq. feet as office suits [sic]."

The zoning hearing board refused the applications. The court of common pleas reversed the board, holding that the owner had acquired a vested right to continue to use the building as she sought. We affirmed, holding that although the facts did not warrant the issuance of a variance or the granting of a special exception, relief was appropriate because in 1938, the township had issued to the then owner of the property a building permit for the construction of the four-room, one story office building for use as a real estate office in violation of the residential zoning restriction and because the township had for thirty-six years made no objection to the continuous and notorious commercial use of the building as offices.

The appellee insists that we held in *Spica* that the appellee has a vested right to use the premises, that is, the entire lot for office purposes; that under our

decision it may use not just the existing four-room, one story building but it may construct and use an additional and much larger office building. The township maintains that our decision in *Spica* established a vested right only in the continued commercial use of the existing four-room, one story structure for which the building permit had been issued in 1938 and that the court of common pleas erred in concluding that our decision had in effect rezoned the lot for unlimited office use.

The township, in our view, is correct. The owner in *Spica* did not seek a variance or special exception which would permit her to use the entire lot. She asked "[t]o continue to. use as in past a one story building. . . ." The continued use of that building was the subject of that suit and the continued use of that building is what the lower court, and we by affirming, allowed.

The late Judge HARRY A. KRAMER, who wrote the opinion in *Spica,* seems to us to make it quite clear that the subject was the four-room, one story building and that the owner's vested right, just as her request, was in the continued use of that building:

> If the Township's version of the facts is correct, then the Township not only permitted construction of a structure, the obvious use of which was in violation of the ordinance, but it also did the affirmative act of sanctioning the construction and use through the issuance of its own building permit. The Township was then silent for 36 years. In such circumstances, we believe the property owner is entitled to rely on the Township's apparent acquiescence.
>
> . . . .

So that this opinion is not misinterpreted, we reiterate that our finding of a vested right

in Spica follows from the existence of the 1938 building permit and the circumstances surrounding its issuance, from the exteremely long length of time which has passed since the nonconformance began, and from the obvious nature of the nonconformance. *Id.* at 333-334, 328 A.2d at 882.

Order reversed.

ORDER

AND Now, this 8th day of February, 1984, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is reversed.