Statement of Facts.

## ESTATE OF FREDERICK DANHOUSE, DECEASED.

### APPEAL BY M. B. FINK FROM THE ORPHANS' COURT OF WESTMORELAND COUNTY.

Argued October 11, 1889—Decided November 11, 1889.

[To be reported.]

1. A petition for partition of lands in the Orphans' Court should not only set out the names of all the parties in interest, but should aver definitely that there are no parties interested therein save those that are named in the petition.

2. Where an intestate leaves only a widow and a son to survive him, and and the son afterwards dies without issue but leaving a widow to survive him, on partition thereafter made the son's mother, or her alienee, will take the land in fee, subject to the dower of the son's widow.

3. But the dower estate of the mother will not merge in the fee cast upon her by the death of her son; and, during her life, the dower estate of the son's widow will be the interest upon the one half of the two thirds of the valuation of the land.

4. And in case of the death of the mother before the death of the son's widow, the latter will become entitled to the interest upon one half of the whole valuation, during the remainder of her natural life.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, Mc-COLLUM and MITCHELL, JJ.

No. 207 October Term 1889, Sup. Ct.; court below, No. 9 February Term 1888, O. C.

On March 25, 1888, Christian Fennel, Andrew Fennel, Michael Fennel and George Fennel presented their petition averring that Frederick Danhouse, of Salem township, had died intestate on April 8, 1880, "leaving to survive him, Susan, his widow, and one child, to wit: John M. Danhouse," and seised of a certain tract of land in said township; that John M. Danhouse, the son, died on June 18, 1885, intestate and without issue, but leaving to survive him his mother Susan, and Margaret B. Danhouse, his wife; that the petitioners had become the alienees of Susan Danhouse, and as such they prayed partition of said tract of land. Upon this petition an inquest was awarded, and returned, appraising the land at $2,887.16. A paper waiving the issuance of a rule upon heirs was signed by

the petitioners and filed, and thereupon, without notice to Margaret B. Danhouse, the land was decreed to the petitioners at the valuation. Thereupon *Mr. J. R. Smith*, on motion, was appointed auditor, " to ascertain the amount of the recognizance to be given."

The auditor, in a final report made, found the facts set forth in the petition for the partition; that the entire estate in the land was valued at $2,887.16, and that after deducting the costs, fees, etc., of the partition and audit, there was a net balance for distribution of $2,598.13; that Margaret B. Danhouse (now Margaret B. Fink), widow of John M. Danhouse, was entitled to receive from the petitioners the interest on $866.04, the one third of this balance, during the lifetime of Susan Danhouse, the widow of Frederick Danhouse; and that, in case said Margaret B. Fink should survive said Susan Danhouse, then the petitioners should pay Margaret B. Fink the interest on $1,299.06, the one half of said balance, during the remainder of her natural life, and that the recognizance should be so drawn. The auditor further found, citing Power v. Power, 7 W. 205 ; Shaupe v. Shaupe, 12 S. & R. 9; Thomas v. Simpson, 3 Pa. 60, that Margaret B. Fink was not entitled to take the land, and was therefore not entitled to notice of the rule on heirs.

To this report, Margaret B. Fink filed exceptions, alleging that the auditor erred :

1. In closing his eyes to the fact that the land vested in John M. Danhouse after the death of his father, Frederick Danhouse.

2. In not finding John M. Danhouse to be the absolute owner in fee of the land at the time of his death, to wit: on June 18, 1885, and that he was so seised from April 8, 1880, the date of the death of his father, Frederick Danhouse.

3. In not finding that Margaret B. Danhouse, widow of John M. Danhouse, was entitled to the one half part of the real estate, including the mansion house, and buildings appurtenant thereto, for the term of her life, in accordance with act of assembly, subject to the pro rata dower interest of Susan Danhouse.

4. In finding that at the death of John M. Danhouse, Susan Danhouse, his mother, was entitled to the farm, subject to the dower of Margaret B. Danhouse.

Opinion of Court below.

Said exceptions having been argued, the court, HUNTER, P. J., on August 24, 1889, filed the following opinion and decree:

The rights of two widows are to be considered, viz.: Susan Danhouse, the widow of Frederick, and Margaret B. Danhouse, the widow of John M. Danhouse, although the contention now only concerns the latter.

The widow of Frederick, Susan, was entitled to the one third part of the estate from the death of her husband, during her life. The widow of John, Margaret B., is entitled to one half of the real estate of which her husband died seised, subject to the dower of Susan, or rather her estate in the land, for such it is.

While, for present purposes, the conclusion reached by the auditor may be right enough, yet he is not right in finding that the only estate John M. Danhouse had in the land at the time of his death was the two thirds; for the moment the widow, Susan, died, the whole of the land became his, this widow only having a life interest; so that by no operation of law could the widow, Margaret, be confined to the two thirds of the land at the death of the widow, Susan. Nor does it matter to her what became of the land on the death of John Danhouse. If there be no collateral heirs, Susan would take the land in fee, and her dower, as the widow of Frederick, would merge in the greater title, but this does not affect the interest of the widow, Margaret.

The auditor, therefore, may be correct, so far as he goes; but suppose Susan dies before Margaret, is she to have nothing more? Is she to be cut absolutely out of her dower in the remaining third of the land? We think not. It is true this is a contingency, but one that may, and, by the course of nature, most likely will happen. Further than this we cannot sustain the exceptions, and we must change the auditor's report to this extent.

And now, August 24, 1889, it is ordered and decreed that the petitioners to whom the land was adjudged, enter into recognizance to pay to Margaret B. Fink, who was the widow of John M. Danhouse, the interest on the sum of $874.38, during her natural lifetime, being the one half of the two thirds of the valuation money; and, in case of the death of Susan Danhouse,

before the death of the said Margaret B. Fink, then and in that case, and from the time of said decease, to pay her, the said Margaret B. Fink, during her natural lifetime, the interest on the sum of $1,311.56, being the one half of the net valuation money; and the auditor's report, as so modified, is confirmed, and the exceptions otherwise dismissed.

Thereupon, the exceptant took this appeal, specifying, by fourteen specifications, that the court erred in dismissing her exceptions filed to the reports of the auditor.

*Mr. J. M. Peoples* (with him *Mr. D. S. Atkinson*), for the appellant.

Counsel cited: Pringle v. Gaw, 5 S. & R. 535; Gourley v. Kinley, 66 Pa. 273; Painter v. Henderson, 7 Pa. 51; Dougherty v. Jack, 5 W. 457; Moore v. Harrisburg Bank, 8 W. 147.

*Mr. Vin. E. Williams* (with him *Mr. A. M. Sloan* and *Mr. Lucien W. Doty*), for the appellees.

Counsel cited: Painter v. Henderson, 7 Pa. 48; Gourley v. Kinley, 66 Pa. 270; Shoemaker v. Walker, 2 S. & R. 555; 4 Co. L. 122; McCall's App., 56 Pa. 363.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was a case of partition in the Orphans' Court. The petition sets forth that "Frederick Danhouse . . . . . died on April 8, 1880, leaving to survive him Susan, his widow, and one child, to-wit, John M. Danhouse." This is a meagre statement of the ownership of land of which partition is to be made. The names of all the parties should not only be given, but there should be a positive averment that they are the only parties. All that the petition states may be true, yet, for anything upon its face, Frederick Danhouse may have left surviving him other children besides John M. Danhouse. Too much care cannot be taken in proceedings affecting the title to real estate. Fortunately there was an auditor appointed in this case, and he has found all the facts omitted from the petition.

It is true that the widow cannot take the estate at the valuation: Painter v. Henderson, 7 Pa. 48; Gourley v. Kinley, 66 Pa. 270. Under these authorities, Susan Danhouse could not

take the estate as widow. Nor did she take it in that capacity. She was heir at law of her deceased son, John M. Danhouse. As it distinctly appears upon the record that the latter left no issue, and died intestate, his mother took the estate in fee, subject to the dower rights of his widow. Susan Danhouse, therefore, was entitled to an interest in the land as the widow of Frederick Danhouse, and also to the fee in said land as the heir of her son. As widow, her rights were paramount to those of her son's widow; as heir of her son, her rights were subject to those of his widow. It was urged, however, that upon her son's death her dower rights merged in the fee which was cast upon her by that event. I do not see much force in this position. As a general rule, merger is a question of intent, and will not take place against the wishes of the party to be affected by it; and, where it is against the interest of the person holding the respective titles, the law will not presume an intent to merge. Here, Susan Danhouse had done nothing from which such intent could be inferred; and, as it was plainly against her interest, no presumption of such merger can arise.

It is clear that Susan Danhouse, as the widow of Frederick Danhouse, was entitled to the interest of one third of the valuation money. John M. Danhouse, as before stated, left no children; hence his widow would be entitled to the interest on one half of the two thirds left after providing for Susan. But, in case of the death of the latter before her, she would become entitled to the interest on one half of the whole. This is precisely what was awarded her by the court below.

The specifications of error are numerous, and need not be discussed in detail. What we have said disposes of all that is important in the case.

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.