# Griffith, for use of Crownover, et al., Appellants, *v.* McKeever.

*Real property—Merger—Dower interest — Assignment of dower interest to owner in fee—Mortgages—Assumpsit for dower.*

1. Whenever a greater estate and a less meet in the same person, the less is merged or drowned in the greater.

2. Merger is a question of intent and will not take place against the wishes of the party to be affected by it, and where it is against the interest of the person holding the respective titles, the law will not presume an intent to merge.

3. Where the owner of land, subject to dower and also to a mortgage to secure the payment of the dower interest, subsequently acquired the dower interest, and thereafter conveyed the premises subject to the mortgage as part of the consideration money, a merger of the dower and the fee took place, and the personal representative of such grantor could not maintain an action of assumpsit for the dower against the grantee of the land, although the amount due was not in dispute; in such case the plaintiff's remedy was upon the mortgage.

Argued Sept. 27, 1917.   Appeal, No. 22, Oct. T., 1917, by plaintiffs, from judgment of C. P. Westmoreland Co., Nov. T., 1915, No. 254, for defendant n. o. v., in case of Ida M. Griffith, who was assignee of Mary E. Brinker, now deceased, now for use of M. W. Crownover and A. W. Crownover, administrators of the Estate of J. C. Crownover, deceased, v. J. L. McKeever.   Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Assumpsit for dower.

DOTY, P. J., filed the following opinion:

McKeever, the defendant, is the owner of a tract of land in Penn Township, by virtue of a deed dated November 22, 1905, and duly recorded in deed book 400, page 17.   This deed contains the following clause: "This conveyance is made subject to a certain mortgage upon said premises in favor of Mary E. Brinker, widow of

Josiah Brinker, deceased, and Sarah M. B. Miller, recorded in the Recorder's Office of Westmoreland County in Mortgage Book 45 page 315." Prior to the conveyance to McKeever, the said tract of land had been made subject to the payment of a dower interest to Mary E. Brinker. One J. C. Crownover by deed December 6, 1898, became the owner in fee of the said tract of land, and by deed dated December 12, 1898, he likewise acquired title to the dower estate. Both estates were thus vested in Crownover until February 15, 1900, when he made a conveyance of the fee. The deed to Crownover and the one to his grantee were made subject to the payment of a certain mortgage conditioned for the payment of interest on the sum of $3,295.84 annually to Mary E. Brinker, widow of Josiah Brinker, deceased, during her natural life and at her death to pay the said principal sum, to wit, $3,295.84 to the said Sarah M. B. Miller, which mortgage is included in the consideration money aforesaid.

The suit is in assumpsit to recover installments of dower interest which were due and unpaid up until the death of Mary E. Brinker. The suit is brought for the use of the administrators of J. C. Crownover in which, as we have seen, were vested at the same time both the dower interest and the fee simple. The amounts are not disputed, but the defendant contends that in this action he is not liable to pay the installments of dower now due. It is clear that the action of assumpsit would not lie on the mortgage which has been referred to. There is no express covenant to pay. The use of the words "under and subject to the payment of such mortgage" would not alone impose a personal liability upon the defendant, and there is nothing else in the case to show a covenant on his part to pay.

The real question in dispute is: Whether there was a merger of the dower estate in the fee simple? The facts are not contested. Crownover, for the use of whose estate this action is brought, had title to both dower inter-

est and the fee simple from December 12, 1898, until February 1900, when the fee was conveyed subject to the mortgage already mentioned.    The dower interest of the widow was a life estate in the land..  Crownover acquired this estate and at the same time was seized of the fee simple.    The textbooks lay down the doctrine that whenever a greater estate and a less meet in the same person the less is merged or drowned in the greater.    And this doctrine has been consistently applied in the courts of this State: Kreamer v. Fleming, 191 Pa. 534.

In Estate of Fred'k Danhouse, 130 Pa. 256, it is indicated that there is an exception to the general rule as to merger, the court declaring in the opinion, p. 260, that: "Merger is a question of intent and will not take place against the wishes of the party to be affected by it; and, where it is against the interest of the person holding the respective titles, the law will not presume an intent to merge."    In the case in hand we can conceive of no interest in Crownover that would be adversely affected by a merger.    There is nothing on the record to show that it was against his wish or consent, but the fact that he conveyed subject to the mortgage securing to the same persons the same amounts of money to be paid under proceedings in partition, seems to show that it was recognized that the estates were merged and that the assignee of the widow's interest and the distributee were to be protected by the new security.

It is conceded that there is only one indebtedness.    The mortgage and the recognizance in partition are intended to secure the identical amounts to the same persons.  This debt has never been paid.    It was made part of the consideration in the conveyance to McKeever the defendant herein, the deed to him containing the provisions that: "This conveyance is made subject to a certain mortgage upon said premises in favor of Mary E. Brinker, widow of Josiah Brinker, deceased, and Mrs. Sarah M. B. Miller, recorded in the recorder's office of Westmoreland County in mortgage book 45, page 315," etc,

The suit here is not on this mortgage and an action of assumpsit would not lie thereon against the terre-tenant, if we are to be guided by Hollenberger v. Yankey, 145 Pa. 179.    But the law affords a remedy for the collection of the unpaid balance of the purchase-money.    The whole dispute here seems to be about the remedy, as it is admitted that the original debt is unpaid and that the present holder of the title has not paid in full the consideration provided in his deed.    But the question that confronts the court is not whether defendant is bound to pay but whether he is liable in this suit.    As it seems clear that the two estates were merged as already explained, it follows that an action of assumpsit cannot be maintained against the present holder of the title, and as there are no facts in dispute it also follows that defendant is entitled to judgment non obstante veredicto.

Verdict for plaintiffs for $1,658.44.

The court subsequently entered judgment for defendant n. o. v.    Plaintiffs appealed.

*Error assigned* was the judgment of the court.

*John E. Kunkle,* for appellants.

*George W. Flowers,* for appellee.

PER CURIAM, January 7, 1918:

The judgment is affirmed on the opinion of the learned court below entering judgment for defendant non obstante veredicto.