Benito DiMartino, Appellant *v.* The Zoning Hearing Board of Newtown Township, Delaware County, Pennsylvania, Appellee.

Argued April 12, 1985, before Judges Doyle and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*Joseph P. Caranci*, with him, *Walter T. ReDavid, ReDavid & Caranci*, for appellant.

*Robert J. Sugarman*, with him, *Robin T. Locke, Sugarman, Denworth & Hellegers*, for appellee.

Opinion by Judge Barry, December 17, 1985:

This appeal results from an order of the Court of Common Pleas of Delaware County which affirmed the decision of the Zoning Hearing Board of Newtown Township (Board) denying an application for a special exception filed by Benito DiMartino (applicant).

Applicant purchased a lot in Newtown Township in 1959. He testified that he signed an agreement of sale in January, 1959; the closing, however, was not

held until April 30, 1959, at which time a deed was issued to applicant. That deed was recorded in the Delaware County Recorder of Deeds Office on May 7, 1959. The deed indicates that applicant purchased the property from one Augustino Bravo who had purchased the property from the Newtown Development Corporation in 1930.

The lot in question has frontage of seventy-five feet and is 125 feet deep, thereby totalling 9,375 square feet. On March 30, 1959, the Board of Supervisors of Newtown Township amended the township's zoning ordinance, requiring that single family residences in the zone in which applicant's lot was located have frontage of at least eighty feet and a minimum lot size of 12,000 square feet. There were also requirements concerning the size of the side and rear yards as well as a provision that the building should not exceed twenty percent of the total lot area.

Section 1377.02 (Section 1377.02) of the zoning ordinance, also passed on March 30, 1959, stated:

A building may be created or altered on any lot held at the effective date of this Zoning Ordinance in single and separate ownership which is not of the required minimum area or frontage or is of such unusual dimensions that the owner would have difficulty in providing the required open spaces for the district in which such lot is situated, provided a special exception is authorized.

Believing that Section 1377.02 was applicable to the present situation, applicant applied to the Board for a special exception.

Pursuant to the application, hearings were held before the Board on two separate days. At the first hearing, all parties agreed that applicant's proposed building met all of the requirements of the 1959

amendments to the zoning ordinance except for those relating to frontage and total area. Applicant testified that he had bought the lot in 1959, having signed an agreement of sale prior to the effective date of the 1959 amendments to the zoning ordinance. He was unable, however, to produce a copy of the sales agreement. He did introduce a copy of the deed, dated April 30, 1959, which was one month after the effective date of the 1959 amendments.

A number of neighbors testified in opposition to the special exception, stating their beliefs that allowing applicant to build the house on the lot would be detrimental to the community. It was also brought to the Board's attention that most of the houses in the neighborhood (including most of the houses of the protesting neighbors) did not comply with the requirements of the 1959 amendments, as most of the construction of those houses had predated those amendments. In order to establish this fact, applicant sought to introduce a tax map of the area. Because of problems not relevant to the present proceeding, the hearing had to be continued to the next scheduled meeting of the Board to permit introduction of the map. Once those problems had been resolved, applicant's attorney wrote a letter, dated May 2, 1982, to the Board's attorney, informing the latter that applicant would be prepared to introduce the map at the next scheduled meeting of the Board which applicant's attorney believed was to be held on May 26, 1983. The regularly scheduled meeting, however, was actually scheduled for May 19, 1983. Neither applicant nor his attorney was notified of the actual date of the second hearing. As a result, the second hearing was held without either applicant or his representative being in attendance. Following the second hearing, the Board voted on the applica-

tion and by a three to two vote decided to deny the request for a special exception. Applicant then appealed to the Court of Common Pleas of Delaware County which, without taking any additional testimony, affirmed the Board. This appeal followed.

The trial court affirmed the decision of the Board on the ground that applicant had failed to establish ownership of the lot prior to the March 30, 1959 adoption of the ordinance in question. The court thus ruled that applicant failed to establish his entitlement to a special exception under the provisions of Section 1307.02, thereby affirming the Board's Finding of Fact No. 13, which stated, ''The testimony of the applicant relating to the date upon which an agreement of sale was executed relating to the subject premises was somewhat equivocal.'' (Board's Opinion, June 16, 1983).

Our scope of review in zoning cases where the court of common pleas takes no additional evidence is limited to a determination of whether the Board abused its discretion, committed an error of law or made necessary factual findings which are not supported by substantial evidence in the record. *Zoning Hearing Board of Indiana Township v. Weitzel*, 77 Pa. Commonwealth Ct. 108, 465 A.2d 105 (1983). Applicant argues that both the Board and the trial court committed an error of law in requiring him to prove that he owned the lot in question on the effective date of the ordinance establishing the special exception provisions. We agree with the applicant's argument.

A close reading of Section 1377.02 shows no intent on the part of the township's legislative body to make the special exception provisions personal and therefore applicable only to the landowner who held title on the date of enactment of Section 1377.02. In

an analogous situation, we have held that zoning boards commit an abuse of discretion in denying variances to landowners who purchase vacant lots after the enactment of a zoning ordinance which makes the lot undersized for building according to the ordinance's terms. *Jacquelin v. Horsham Township*, 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973). Furthermore, upon examination of Section 1377.02, the Court of Common Pleas of Delaware County held that a landowner need only show that the lot remained intact since the enactment of the zoning ordinance and that the landowner seeking the special exception can trace title back to that time. *Appeal of Lynch*, 64 Del. Co. Rpts. 309 (1977).

In the present case, the Board specifically found that the applicant purchased the lot in question from Mr. Bravo by deed dated April 30, 1959. There is no dispute that applicant can trace his title back to the effective date of Section 1377.02. That section also requires, however, that the nonconforming lot has been held in "single and separate" ownership as of the effective date of the ordinance. As appellee intervenor Newtown Township points out in its brief, applicant had failed to prove that either of the two contiguous parcels, one at 707 Ellis Avenue and one at 728 Elgin Avenue, were not part of the lot owned by either applicant or his predecessor in title as of March 30, 1959. The Township thus argues that applicant failed to sustain his burden of proof which could render Section 1377.02 applicable. We agree that applicant failed to proffer such proof; we do not believe, given the circumstances of this case, that applicant is forever barred from offering such proof. It must be remembered that the hearing in this matter was held on two separate occasions. Applicant and his counsel were not present at the second date

of the hearing because of a misunderstanding over the date of the hearing. Applicant's attorney sent a letter to the Board, dated May 2, 1983, informing the Board that applicant was prepared to present evidence at the next Board hearing which applicant's attorney indicated he mistakenly believed was scheduled for May 26 when the hearing was actually scheduled for May 19. Despite this, no one from the Board notified applicant or his attorney of the correct date. To deny applicant relief because of the failure to present evidence when such evidence could have been presented had he been notified of the correct hearing date is an unduly harsh sanction which this Court will not countenance. For this reason, a remand to the Board is required.[1]

ORDER

Now, December 17, 1985, the May 2, 1984 order of the Court of Common Pleas of Delaware County at No. 83-6219 is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[1] The Newtown Township ordinance sets forth specific standards to be considered in a case involving a special exception. While the Board made findings on these points, the trial court, because of its resolution, found it unnecessary to review these findings. If applicant is unable to prove that the lot in question was held in single and separate ownership as of March 30, 1959, then no review of these standards is necessary. On the other hand, should applicant sustain his burden of proof, the trial court must then review the Board's findings and conclusions concerning these specific standards.