538 A.2d 952

West Goshen Township, Appellant *v.* Donald V. Crater and Katharine R. Crater, his wife, Appellees.

Argued April 8, 1986, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Ronald C. Nagle, Buckley, Nagle, Gentry, McGuire & Morris,* for appellant.

*Arthur L. Sagnor, III,* with him, *Joseph E. Brion, Lachall, Brion, Cohen & Lawson,* for appellees.

OPINION BY JUDGE DOYLE, March 7, 1988:

West Goshen Township (Township) appeals from the order of the Court of Common Pleas of Chester County which reversed the decision of the West Goshen Township Zoning Hearing Board (Board) and granted a special exception to Donald and Katharine Crater (Appellees). We reverse.

On February 10, 1965, Appellees purchased a single-family home on a property described in an approved subdivision plan at lots 26, 27, and 28. The home itself was situated on lot 27, with lot 28 being a vacant lot which was separately described in the deed conveying the property. Just prior to purchasing the property, Appellees inquired of the Township Administrator whether lot 28 could be sold separately and developed as a residential property. The Township official responded by letter dated July 2, 1964 and indicated that it could, since lot 28 was a separate lot in an approved subdivision plan. Soon after Appellees purchased the property, however, the Township passed a zoning ordinance which established a minimum lot area of 30,000 square feet in Appellees' residential zone, which exceeded the total area of Appellees' lot 28.

In 1984, Appellees first expressed a desire to convey lot 28 and inquired of the Township whether it would

issue a building permit for the construction of a single-family home on the lot. The Township responded that it would not issue such a building permit because the lot did not meet the minimum lot area of 30,000 square feet as required by the zoning ordinance. Appellees appealed to the Zoning Hearing Board, requesting a special exception or a variance from the minimum lot size requirement. Appellees' request for a special exception was based on Section 84-58(L) of the Township Zoning Ordinance which states:

L. Non-Conforming Lots Containing No Buildings.

A non-conforming lot, which contains no buildings, and which is in single and separate ownership at the effective date of this Chapter, and which is not of the required minimum area or width, or which is of unusual dimensions such that the owner could not provide the open spaces required for the district, may be used or a building erected thereon under the following conditions:

1. Provided that the owner does not own or control other adjoining properties sufficient to enable him to comply with the area and bulk requirements for the district.

2. A special exception is granted by the Zoning Hearing Board. . . .

3. In any residential district, a single family dwelling may be constructed on a lot of this character without special exception by the Zoning Hearing Board if the conditions of subparagraph 1 above are met, and if all the setback, yard, and coverage requirements for the district are met; otherwise, the provisions of subparagraph 2 above shall apply.

In its findings of fact, the Board accepted Appellees' testimony that they had at all times owned lot 28 with the intention of selling it as a separate lot, but found that Appellees made no visible manifestation of their intention. Further, the Board found that Appellees had, both prior and subsequent to the enactment of the zoning ordinance, used lot 28 as an integral part of their larger residential tract. Thus, the Board concluded that lot 28 was *not* held in "single and separate ownership" on the effective date of the ordinance and, therefore, the lot did not qualify for a special exception under Section 84-58(L). In addition, the Board denied the request for a variance, concluding that any hardship which had resulted had been self-imposed.

On appeal to the court of common pleas, the court, without taking additional evidence, reversed the Board on the issue of the special exception, holding that the owners' subjective intent was determinative in deciding whether the lot was owned in single and separate ownership. Since the Board had found that Appellees had *intended* to hold lot 28 in single and separate ownership, the court concluded that lot 28 qualified for a special exception under Section 84-58(L). The Township has appealed the common pleas court decision to this Court.[1]

The first issue presented to this Court is whether the ordinance requirement that a lot be in "single and separate ownership" is met when the owner *intends* to hold his lot separately from an adjoining lot, even though there is no outward manifestation of this inten-

_____

[1] Where the court of common pleas takes no additional evidence, our scope of review is limited to determining whether the local zoning hearing board abused its discretion or committed an error of law. *Marinari v. Zoning Hearing Board of New Hanover Township,* 90 Pa. Commonwealth Ct. 601, 496 A.2d 121 (1985).

tion. The ordinance in question defines "single and separate ownership" as:

> The ownership of a lot by one (1) or more persons, partnerships or corporations, which ownership is separate and distinct from that of any abutting or adjoining lot.

An identical provision was considered by the Delaware County Court of Common Pleas in *Scott v. Fox,* 63 Del. 401 (1976). Since the Commonwealth Court later adopted the trial court's opinion on appeal in *Scott v. Fox,* 36 Pa. Commonwealth Ct. 88, 387 A.2d 965 (1978), the *Scott* opinion has precedential value before this Court. In *Scott,* the landowner was denied a *special exception* to build on an undersized lot because, at the time the zoning ordinance was enacted, the owner's predecessor in interest owned the lot together with an adjoining lot. The *Scott* court concluded that the lot was *not* held in single and separate ownership and did not consider whether such was the intent of the predecessor in interest.

·Consistent with the *Scott* decision, we do not believe that the subjective intent of the owner is the deciding factor in a determination of whether a lot was held in "single and separate ownership." The terms "single," "separate," and "distinct" describe characteristics of ownership which cannot be realized except by some physical manifestation on the land. While an owner ·can certainly *intend* to own a lot in single and separate ownership, he has not achieved his intention until he has, through some affirmative action, made his lot separate and *distinct* from his other holdings. In this respect, an owner's burden to establish "single and *separate* ownership" is analogous to an owner's burden to establish a nonconforming use. We have held in situations involving a non-conforming use that a statement of the owner's intent alone is inadequate without some

objective evidence that the land was actually devoted to the nonconforming use at the time the ordinance was enacted. *See Llewellyn's Mobile Home Court, Inc. Appeal,* 86 Pa. Commonwealth Ct. 567, 485 A.2d 883 (1984).

Appellees argue that an owner who takes title to two contiguous lots which have been separately described in a deed is presumed not to have intended to "merge" the lots in the absence of evidence to the contrary. Appellees cite *McCormack v. Buckingham Township Zoning Board of Adjustment,* 19 Bucks 51 (1969), which in turn relied on the "doctrine of merger" as set forth in *Danhouse's Estate,* 130 Pa. 256 (1889) and *Griffith v. McKeever,* 259 Pa. 605, 103 A. 335 (1918). These cases, however, dealt with the doctrine of merger of *estates* in land. That doctrine provides that whenever a greater estate and a lesser estate meet in the same person, the lesser estate is merged or drowned in the greater one. *Danhouse's Estate* and *Griffith* merely stated an exception to this general rule that such a merger will not take place where it is against the wishes of the party to be affected by it.

While the term "merger" is often used by courts to describe the effect of a zoning ordinance on undersized lots held in common ownership, this use of the term "merger" has little to do with the merger of different interests in estates. Thus, the "doctrine of merger", as it relates to interests in estates, has no application to the law of zoning and the construction of a zoning ordinance where the issue is the physical merger of lots or parcels of land. *See Alexander v. Abington Township,* 104 Montg. 231 (1978). Where two lots are *physically* "merged" or joined before the adoption of an ordinance containing language such as is present here, such lots are not held in single and *separate* ownership. This is true regardless of whether title is taken by one or two

deeds, the lots are separately described in one deed, or whether their ownership was acquired at different times. We are not here concerned, of course, with issues dealing with the *use* of those premises in their pre-existing non-conforming status.

We thus conclude, that in order to qualify for a special exception, Appellees must prove by objective evidence that lot 28 was "separate and distinct" and not part of a larger, integrated tract owned by them, or by a predecessor, at the time of the ordinance's enactment. *See DiMartino v. Zoning Hearing Board of Newtown Township,* 93 Pa. Commonwealth Ct. 498, 502 A.2d 294 (1985); *Parkside Associates, Inc. v. Zoning Hearing Board of Montgomery Township,* 110 Pa. Commonwealth Ct. 157, 532 A.2d 47 (1987). While there is little appellate authority describing the nature of such proof, trial courts have found the lack of single and separate ownership in cases where lots have been fenced together as one integrated unit and "maintained as a unified parcel of residential property," *Burnside v. Willistown Township,* 12 Chester 282 (1964); where a lot has been used as "an appurtenance" to the residence as if the same were on an integrated tract of land, *Zoning Appeal of Killhour & Capriolo,* 10 Chester 153 (1961); and where lots were incorporated into one larger building lot which was utilized for the purpose of erecting a single family dwelling. *Yusem v. Lower Merion Township,* 84 Montg. 104 (1964).[2]

In the present case, the Board found that Appellees had integrated lot 28 into a single residential tract, and

---

[2] Since we may look to the *use* of a property to determine whether it is in single and separate ownership, it also follows that the fact that lots are shown separately on plans or are described separately in deeds is not per se, determinative of the issue. *See Yusem; Wade v. Board of Adjustment of Ridley Township,* 51 Del. 222 (1963).

had manifested no intention to preserve lot 28 as a single and separate lot. "Thus, whatever may have been the intent of the applicants with respect thereto, it was in no way manifested upon the ground." Board Opinion, Finding 6. This finding is supported by the evidence which showed that lot 28, although vacant, could not be distinguished from the rest of Appellees' lots and appeared to be a part of the residential property's side yard. Although a single tree had been planted on the boundary line, there were no physical features such as a fence or wall which would have clearly separated the lot. Thus, we must conclude that the Board was correct in deciding that the lot was not held in "single and separate ownership" at the time of the ordinance enactment, and in denying the special exception on that basis. Accordingly, we must reverse the order of the court of common pleas on this issue.

Having reversed the trial court on the issue of the special exception, we must reach the second issue of whether the Board erred in denying Appellees' request for a variance.[3] At the hearing, Appellees requested a variance from the minimum lot size requirement alone and testified that they would meet all other zoning requirements currently applicable to the zoning district. The Board, however, found that Appellees had not shown the requisite hardship necessary to support the grant of a variance, adding that if there were any hardship, it was self-imposed.

Where a lot is too small to conform with the minimum lot area requirements, and cannot be made to conform by merging lots or by re-subdividing a larger tract, enforcement of the ordinance would sterilize the land, creating the necessary hardship which will justify

---

[3] Because the trial court granted Appellees' special exception, it did not address the variance issue.

the granting of a variance. *Application of BCL, Inc.*, 36 Pa. Commonwealth Ct. 96, 387 A.2d 970 (1978). Thus, in *BCL*, the Court upheld the denial of a variance to a developer who wished to develop two adjacent undersized lots, both of which were vacant. The Court in *BCL*, however, specifically distinguished the facts in that case from the facts in *Scott*, where a lot which had been developed and had changed ownership adjoined an undeveloped undersized lot. In *Scott*, the court held that an owner's purchase of an undersized lot adjacent to his home did not constitute a self-inflicted hardship where there was no evidence that an inflated price was paid for it in anticipation of a variance being granted. The *Scott* court also held that the fact that the landowner owned adjacent property did not itself lead to the conclusion that the hardship was self-imposed when it stated:

> [T]he resolution of this issue ought to turn on the circumstances. If owner subdivides the smaller lot from the larger lot, then the 'hardship' is self inflicted. On the other hand, if the first tract were already developed and the owner *acquired the adjacent lot* from another as an investment, then there seems little point in developing a rule which would say 'this lot may be purchased and developed by any person except the owner of the neighboring land.'

*Scott*, 63 Del. at 406 (quoting Ryan, Pennsylvania Zoning Law, §6.2.11 (1976 Supp.) (emphasis added)). Automatic merger *is not* the rule, simply and only because two adjoining lots come into common ownership subsequent to the effective date of the more restrictive zoning ordinance. *Parkside*, 110 Pa. Commonwealth Ct. at 161, 532 A.2d at 49.

It is clear that *Scott*, absent other circumstances, would support the grant of a variance in cases where an

undersized lot is adjacent to the purchaser/owner's already improved or developed property; but, as we stated in *Parkside,* "the facts are somewhat sketchy" in *Scott* and "[u]nder the law as it now stands, it may well have been improper to build the first house on an undersized lot when the two adjoining tracts were held by the same owner at the time of enactment of the ordinance" *Id.* at 163, 532 A.2d at 49-50. Furthermore, there is an ordinance provision in the present case which serves to distinguish this case from *Scott* and compels us to reach a different result. Section 84-8 of the zoning ordinance defines "Lot" as:

> A tract or parcel of land held *in single and separate* ownership. (Emphasis added.)

We have already upheld the Board's finding that Appellees' lot 28 was not held in "single and separate ownership." Thus, for purposes of the zoning ordinance, lot 28 was not a separate "lot" but a portion of a larger residential "lot" owned by Appellees.[4] Because of the integrated use of their land, Appellees own no lots which are "too small to conform with the minimum lot area requirements," but instead own a single "lot" which is of sufficient size. As to *this* lot, *i.e.,* the total integrated lot, there is no hardship justifying a variance, because the lot is being used as a single-family residence, the purpose for which the lot was zoned.

In summary, as a result of the interplay between the various provisions of this ordinance, one who owns an adjoining undersized lot will be denied a special exception if the lot was not in "single and separate ownership" *at the time the ordinance was enacted* and will be denied a variance if the "lot" is not *currently* in "single

---

[4] We express no opinion as to whether lot 28 continues to be a separate lot for purposes of the applicable subdivision ordinance, since that issue is not before us.

and separate ownership." Unfortunately, under the facts of this case, Appellees fall under both categories, and their request for a variance, as well as their request for a special exception, must be denied.

Accordingly, we reverse the order of the court of common pleas which granted the special exception. This will, in effect, reinstate the Board's decision denying the Appellees' request for a special exception and variance.

ORDER

The order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby reversed and the order of the West Goshen Township Zoning Hearing Board is reinstated.