574 A.2d 116

**Ralph MONTORO and Mary Montoro, Appellants,**

**v.**

**BETHLEHEM TOWNSHIP ZONING HEARING BOARD, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 1989.

Decided April 24, 1990.

Kevin T. Fogerty, Traub, Butz & Fogerty, P.C., Allentown, for appellants.

Lawrence B. Fox, Newman, Fox & Parks, for appellee.

Before CRAIG and BARRY, JJ., and BARBIERI, Senior Judge.

## OPINION

BARRY, Judge.

Ralph and Mary Montoro, appellants, are equitable owners of a parcel of land consisting of two contiguous lots, each 20 feet wide and 110 feet long. Appellants wish to build a home on this parcel which is currently owned by George and Mary Enstrom, Mary Montoro's parents. The Enstroms own four more lots of the same size adjacent to the parcel in question. The Enstrom home is situated on this four lot parcel. The Enstroms purchased these four lots over thirty years ago, but they did not purchase the parcel in question until 1969 when they needed the land to build a drainage ditch for their septic system. The eventual construction of a municipal sewage system eliminated the need for the drainage ditch. All of the lots are zoned R–UN, for residential urban neighborhood.

In 1962, Bethlehem Township enacted a zoning ordinance which requires a minimum width of eighty feet and a minimum lot area of 10,000 square feet for development of a parcel in the R–UN zone. The ordinance also contains a provision, Section 1300.3, that lots held in separate owner-

ship or existing of record prior to enactment of the ordinance are exempted from the minimum width and area requirements. The 20 by 110 foot lots were part of a subdivision plan which was filed in 1918.

Appellants applied to Bethlehem Township for a construction permit in February of 1988. When their application was denied they appealed to the Bethlehem Township Zoning Hearing Board (Board), appellee, and requested a special exception based on Section 1300.3 or a variance. The Board denied the application and the Court of Common Pleas of Northampton County affirmed.

Appellants argue that they are entitled to a special exception based on Section 1300.3. This section provides:

**1300.3. Lot Width and Area Exceptions for Lot of Record.—**

A one-family detached dwelling may be constructed on any lot of record at the effective date of the Zoning Ordinance, provided: (a) it shall be located in a Zoning District where such use is permitted, regardless of the area or width of such lot; (b) such lot at the effective date of the Zoning Ordinance shall have been held under separate ownership from the adjoining lots, or at the effective date of the Zoning Ordinance such lot shall have been shown to be a separate and distinct numbered lot of record, or a lot of equal area to the majority of lots within 400 feet thereof by a plan of lots which has been recorded or which depicts streets or alleys which have been legally dedicated to a public use; and (c) all provisions except the minimum lot width and minimum lot area are conformed with as prescribed in the Zoning Ordinance. Such a located one-family detached dwelling in the Zoning District shall be regarded as a conforming use.

Appellants argue that they are entitled to a special exception under the first two alternatives in subsection (b), because (1) the lots were owned separately at the time of the enactment and (2) the lots were recorded in the 1918 subdivision plan as being 20 by 110 feet. The Board responds by arguing that the doctrine of "merger" prevents the parcel

from being used for a separate residence since the Enstroms own the adjoining property, and that a special exception will not be granted where it would adversely affect the welfare of the surrounding community.

A special exception is a use permitted by a zoning ordinance in a particular zone upon the approval of the zoning hearing board or its equivalent. The zoning hearing board makes its decision based on standards established in the ordinance. Ryan, Pennsylvania Zoning Law and Practice § 5.1.1 (1970). It was thus improper for the parties and the trial court to treat this matter as an application for a special exception. The section of the ordinance quoted above does not condition the building of a home on an undersized lot upon the approval of the zoning hearing board.[1] In *Rogers v. Zoning Hearing Board of East Pikeland Township*, 103 Pa.Commonwealth Ct. 478, 520 A.2d 922 (1987), Judge Craig described the three theories by which an owner can claim that he should be permitted to build a single-family dwelling on an undersized lot which existed before a zoning ordinance was enacted. The first method is by variance if the ordinance contains no express relief for the owners of such lots. The second method is by special exception if the ordinance explicitly provides for special exceptions for undersized lots.[2] Lastly, the ordinance may provide for absolute and unqualified permission for the use of an undersized lot if the record shows that the lot existed before the adoption of zoning. Judge Craig determined in *Rogers* that a section of the relevant ordinance fell into the last category. That section, as does Section 1300.3, did not require approval of the zoning hearing board or set standards for the use to be permitted, but merely stated that a lot held in single and separate ownership on the effective date of the ordinance could be used for

1. Our review of the ordinance reveals that there are several sections which properly provide for special exceptions.

2. For examples of such ordinances, see *Appeal of Dodge*, 43 Pa.Commonwealth Ct. 65, 402 A.2d 273 (1979), and *Swift v. Zoning Hearing Board of East Hempfield Township*, 33 Pa.Commonwealth Ct. 442, 382 A.2d 150 (1978).

a permitted use in that district. It is clear then that Section 1300.3 falls into the last category and permits the building of single-family home on an undersized lot where the lot was held separately at the effective date of the ordinance, the lot was a separate and distinct numbered lot of record at the effective date of the ordinance, or the lot is of equal area to a majority of lots within 400 feet as shown in a recorded plan of lots. Approval of the zoning hearing board is not required if the lot meets one or more of the three criteria above.

Although we hold that the parcel falls under Judge Craig's category of absolute exemption, which is in effect a permitted use, we must address the Board's contention that the doctrine of "merger" nevertheless bars appellants from using the parcel as they wish. The argument is that the Enstroms' purchase of the parcel in question in 1969 integrated their properties into one conforming lot and precludes them from subdividing their property.

We first note Judge Doyle's admonition in *West Goshen Township v. Crater*, 114 Pa.Commonwealth Ct. 245, 538 A.2d 952 (1988), that the physical merger of lots has little to do with what has become to be known as the doctrine of merger as it relates to the merger of estates in land. Upon reading *Crater* and the other cases discussed by the parties, *Parkside Associates, Inc. v. Zoning Hearing of Montgomery Township*, 110 Pa.Commonwealth Ct. 157, 532 A.2d 47 (1987), and *Township of Middletown v. Middletown Township Zoning Hearing Board*, 120 Pa.Commonwealth Ct. 238, 548 A.2d 1297 (1988), we find that there is no doctrine of "merger" which provides that an undersized lot purchased by a neighboring landowner after the enactment of a zoning ordinance cannot be used for a single-family dwelling when the ordinance specifically provides that a lot held in single and separate ownership at the time of enactment of the ordinance can be used for such a purpose. All of the cases cited deal with the interpretation of the term "single and separate ownership" as contained in a zoning ordinance. In *Parkside* and *Crater* the applicable ordinances state, as

does the present ordinance, that an undersized lot held in single and separate ownership at the time of enactment of the zoning ordinance may be used for a single-family dwelling. The Court was attempting to determine whether a lot held by a party owning an adjacent lot *at the time of enactment of the ordinance* could be said to be held in single and separate ownership. Here the Enstroms did not own the parcel in question at the time of enactment of the ordinance. In *Middletown* the ordinance stated that an undersized lot held in single and separate ownership *since* the enactment of the ordinance may be used for a single-family dwelling. The Court appropriately looked at whether a lot purchased at some time after the enactment of the ordinance by a party owning adjoining land could be said to be held in single and separate ownership. In the present case it is unnecessary for us to engage in an analysis of whether the Enstroms intended to keep the parcel in question separate from their other property since the parcel in question was clearly held in single and separate ownership at the only relevant time under the ordinance, at the effective date of the ordinance. Furthermore, appellants have satisfied the second criterion by showing that the parcel in question consists of two lots recorded in the 1918 plan. The Board does not challenge the existence or validity of the plan.

In conclusion, appellants have satisfied two of the provisions of Section 1300.3. Their parcel was owned in single and separate ownership at the effective date of the ordinance and their parcel consists of two numbered lots of record in a plan recorded before the effective date of the ordinance. There is no concept of merger which can bar appellants from using their property as they wish when such use is clearly permitted by the literal language of the ordinance, regardless of whether an adjoining landowner purchased the parcel at some point after the effective date of the ordinance. If the township does not wish for property owners to be able to use their property under these

circumstances, the township would be obligated to amend its ordinance.

█ Although the trial court was technically correct in denying a special exception or variance since these concepts are not appropriate where there is an absolute exemption, the court was incorrect in ordering that appellants' appeal be denied and dismissed. We will therefore reverse the decision of the trial court and remand with instructions that the township grant a construction permit to appellants.[3]

## ORDER

NOW, April 24, 1990, the order of the Court of Common Pleas of Northampton County, dated February 28, 1989, Docket No. 1988–C–4122, is reversed and the matter remanded for proceedings consistent with the attached opinion.

Jurisdiction relinquished.

---

**3.** In *Rogers* Judge Craig declined to grant similar relief where the landowner had not developed a sufficient record for a determination on the absolute exemption question and had not pursued permission to build under the ordinance section granting the absolute exemption. Here appellants have developed a proper record and have proceeded under the proper section of the ordinance. Appellants have erred only in using the term "special exception" in their argument.