596 A.2d 302

**Michael LEBEDUIK, Jr. and Antonette Lebeduik, husband and wife, Appellants,**

v.

**BETHLEHEM TOWNSHIP ZONING HEARING BOARD, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 1, 1991.

Decided Aug. 2, 1991.

---

Gregg E. Mayrosh, for appellants.

Lawrence B. Fox, for appellee.

Before McGINLEY and BYER, JJ., and NARICK, Senior Judge.

BYER, Judge.

Michael and Antonette Lebeduik appeal an order of the Court of Common Pleas of Northampton County which affirmed the Bethlehem Township Zoning Hearing Board's (ZHB's) denial of the Lebeduiks' application for a building permit or variance.

In 1949, the Lebeduiks purchased and built a home on a 75 feet by 110 feet tract (Parcel A) in Bethlehem Township. In 1961, the Lebeduiks purchased the adjacent 50 feet by 110 feet tract (Parcel B). In 1962, the township enacted a zoning ordinance (1962 ordinance). In order to build a single family dwelling, section 605 of the 1962 ordinance required a minimum lot area of 10,000 square feet and minimum lot width of 80 feet. However, section 1300.3 of the 1962 ordinance provided:

A one-family detached dwelling may be constructed on any lot of record at the effective date of the Zoning Ordinance, provided: (a) it shall be located in a Zoning District where such use is permitted, regardless of the area width of such lot; (b) *such lot at the effective date of the Zoning Ordinance shall have been held under separate ownership from the adjoining lots, or at the effective date of the Zoning Ordinance such lot shall have been shown to be a separate and distinct numbered lot within 400 feet thereof* by a plan of lots which has been recorded or which depicts streets or alleys which have been legally dedicated to a public use; and (c) all provisions except the minimum lot width and minimum lot area are conformed with as prescribed in the Zoning Ordinance. Such a located one-family detached dwelling in the Zoning District shall be regarded as a conforming use.

[Emphasis added].

In 1988, the township amended its 1962 ordinance (1988 ordinance). Although the minimum lot size did not change, section 1909(C)(2)(a) of the 1988 ordinance provided:

Permitted structures and uses may be constructed or expanded on a nonconforming lot [of record] only within each of the following requirements: ... a use may only be developed on a nonconforming lot if it is a lot of record that lawfully existed prior to the adoption of this Ordinance. Otherwise, a variance would need to be granted before any construction on the lot could occur ... [c]ontiguous nonconforming lots under common ownership shall be considered one lot.

In October 1989, the Lebeduiks sold Parcel A. They applied for a building permit or, in the alternative, a variance to construct a single family dwelling on Parcel B. The zoning officer denied the permit and variance. The Lebeduiks appealed to the ZHB arguing a vested right to build a single family dwelling (a permitted use) on Parcel B because they held Parcel B in single and separate ownership before and during the time the 1962 ordinance was effec-

tive. The ZHB denied the Lebeduiks' request for a building permit and denied their request for a variance. The trial court affirmed. On appeal from that order, the Lebeduiks contend they were improperly denied a building permit. In the alternative, they argue they improperly were denied a variance.[1]

## I. *The Building Permit*

The ZHB concluded that the Lebeduiks did not qualify for a building permit under the provisions of the 1988 ordinance. The Lebeduiks argue that the ZHB erred in applying the provisions of the 1988 ordinance and should have applied the 1962 ordinance.

Specifically, the Lebeduiks contend that the 1962 ordinance created a vested interest by granting absolute and unqualified permission to develop an undersized property held in single and separate ownership. They argue that once created, this vested interest cannot be extinguished by subsequent repeal or amendment of the zoning ordinance. Because the 1962 ordinance created the vested interest, the Lebeduiks argue that the ZHB should have looked to the status of Parcel B in 1962 to determine whether to grant a building permit. They rely upon *Eitnier v. Kreitz Corp.,* 404 Pa. 406, 172 A.2d 320 (1961); *Held v. LaFrance Properties, Inc.,* 80 Pa. Commonwealth Ct. 188, 471 A.2d 163 (1984); and *Township of Haverford v. Spica,* 16 Pa. Commonwealth Ct. 326, 328 A.2d 878 (1974), to support their argument that the vested interest created in the 1962 ordinance runs with the land and cannot be legislatively altered.

These three cases address the right of a landowner to continue a nonconforming use.[2] The right to continue a

---

**1.** Where, as here, the trial court takes no additional evidence, our scope of review is limited to determining whether a zoning hearing board abused its discretion or committed an error of law. *West Goshen Township v. Crater,* 114 Pa. Commonwealth Ct. 245, 538 A.2d 952 (1988).

**2.** A nonconforming use is generally defined as "any activity or structure which came into existence prior to the zoning restriction in-

nonconforming use is similar to the right to use a lot held in single and separate ownership created by the 1962 ordinance. Both interests arise when a zoning ordinance restricts a use previously permitted on the property. The landowner's burden of proof in establishing "single and separate ownership" is analogous to the landowner's burden in establishing a nonconforming use. *West Goshen Township v. Crater*, 114 Pa. Commonwealth Ct. 245, 538 A.2d 952 (1988). In both instances, the landowner must provide objective evidence that the land was actually devoted to the nonconforming use, or actually held in single and separate ownership, at the time of the ordinance's enactment. *Id.*

In *Parkside Associates, Inc. v. Zoning Hearing Board of Montgomery Township*, 110 Pa. Commonwealth Ct. 157, 532 A.2d 47 (1987), we held that a landowner's interest in developing a lot held in single and separate ownership runs with the land. Similarly, in *Eitnier* we held that a landowner's interest in a nonconforming use runs with the land. However, this nonconforming use must commence before enactment of the relevant zoning restriction or any pertinent amendment to the zoning restriction. *Haverford.* In determining whether a property owner has established a nonconforming use, we have held that "where the alleged nonconforming use does not predate the existing zoning restrictions, it cannot be a valid one." *Cohen v. Zoning Board of Adjustment of the City of Pittsburgh*, 53 Pa. Commonwealth Ct. 311, 313, 417 A.2d 852, 854 (1980).

■ The Lebeduiks sold Parcel A in 1989 and retained ownership solely of Parcel B. The ordinance in effect when the Lebeduiks sold Parcel A and applied for a permit to build on Parcel B was the 1988 ordinance. The Lebeduiks' sole ownership of Parcel B did not commence before enactment of the existing ordinance (1988 ordinance). Therefore, they did not retain the vested rights of the 1962 ordinance.

volved, but which now violates that restriction." 2 Ryan, ZONING LAW AND PRACTICE § 7.1.1 (1981).

For this reason, we hold that the ZHB properly applied the 1988 ordinance.[3]

Next, we must determine whether the Lebeduiks held Parcel B in single and separate ownership at the time of the 1988 ordinance's enactment.

[W]here a landowner or one of his predecessor's-in-title has brought into common ownership two adjoining parcels of land prior to the enactment of a zoning ordinance which makes the parcel(s) nonconforming, the landowner bears the burden of proving that he or his predecessors intended to keep the parcels "separate and distinct" and not make them part of one integrated tract ... The proof required by the landowner(s) to show that he, or they, intended to keep the parcels separate and distinct from one another must be grounded upon some overt, unequivocal, physical manifestation of this intent, and not be based solely on the landowner's subjective statements regarding intent.

*Township of Middletown v. Middletown Township Zoning Hearing Board*, 120 Pa. Commonwealth Ct. 238, 244–45, 548 A.2d 1297, 1299 (1988), *appeal denied*, 522 Pa. 599, 562 A.2d 322 (1989).

At the ZHB hearing, the Lebeduiks presented evidence that the two parcels were conveyed by separate deeds, separately taxed and that they installed a separate sewer lateral for Parcel B. They also presented evidence that a hedge separated the two properties.

Objectors at the hearing testified that the Lebeduiks removed the hedge separating Parcel A from Parcel B and had capped Parcel B's sewer lateral before enactment of the 1988 ordinance. Objectors also presented evidence that in

---

**3.** The Lebeduiks contend that our holding in *Montoro v. Bethlehem Township Zoning Hearing Board*, 132 Pa. Commonwealth Ct. 616, 574 A.2d 116 (1990), supports their argument that the rights granted to the owner of a lot held in single and separate ownership are absolute and cannot be changed or altered through subsequent zoning ordinances. However, the properties in *Montoro* were held by different landowners at the time of the ordinance's enactment. Here, the Lebeduiks owned both parcels before enactment of the 1962 ordinance.

1989, the Lebeduiks induced third parties to purchase Parcel A by assuring them that Parcel B never would be developed.

 Based on the objectors' evidence, the ZHB decided that the Lebeduiks failed to prove that they intended to keep Parcel B separate and distinct from Parcel A. Our review of the record indicates that the Lebeduiks did not prove by "some overt, unequivocal manifestation of intent" that they intended to keep the properties separate and distinct. *Middletown.* The Lebeduiks' capping of the sewer lateral, removal of the hedge separating the properties and statement that they would not develop Parcel B indicate that they treated Parcel A and Parcel B as one property. Therefore, we hold that the ZHB did not err in denying the Lebeduiks' building permit.

## II. *The Variance*

The Lebeduiks argue that the ZHB abused its discretion by denying their alternative request for a variance.[4] The

4. Section 910.2(a) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2(a), provides in part:
The board may grant a variance, provided that all of the following findings are made where relevant in a given case:
(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.
(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.
(3) That such unnecessary hardship has not been created by the appellant.
(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

ZHB based its denial of the Lebeduiks request for a variance on section 1909(c)(2)(a) of the 1988 ordinance which provides:

(a) Permitted structures and uses may be constructed or expanded on a nonconforming lot only within each of the following requirements:

 * * * * * *

(ix) The nonconformity shall not have been self-created.

This provision of the 1988 ordinance is consistent with section 910.2(a)(3) of the Municipal Planning Code, 53 P.S. § 10910.2(a)(3).

The ZHB concluded that when the Lebeduiks sold Parcel A, they created an undersized lot. When a landowner divides a parcel into two lots, and one of the lots is undersized, any resulting hardship is self-inflicted. *Parkside Associates.* We hold that the ZHB properly denied the Lebeduiks request for a variance pursuant to section 1909(c)(2)(a)(ix) of the 1988 ordinance.

We affirm.

## ORDER

We affirm the order of the Court of Common Pleas of Northampton County.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.