**In re Appeal of Joseph A. PULEO, Jr. from Decision of Zoning Hearing Board, Schuylkill Township.**

**Schuylkill Township, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 8, 1999.

Decided May 4, 1999.

---

Robert J. Sugarman, Philadelphia, for appellant.

Robert M. Romain, Valley Forge, for appellee.

Before DOYLE, J., McGINLEY, J., and JIULIANTE, Senior Judge.

McGINLEY, Judge.

Schuylkill Township (Township) appeals from the order of the Court of Common Pleas of Chester County (trial court), which reversed the decision of the Township's Zoning Hearing Board (Board) and found that the Township did not establish an *automatic merger* of adjoining lots based upon common ownership.

Joseph A. Puleo, Jr. (Puleo) is the owner of Lot # 15, Pawling Road, Tax parcel no. 27–6–75, (Lot # 15), located in an R–2, Medium Density Residential District in the Township. Lot # 15 is unimproved and Puleo sought to construct a single-family residential dwelling. Lot # 15 is approximately 27,000 square feet in area and is inaccessible to public sewer and public water lines. The Township Zoning Ordinance, under Article V, Section 502 A, mandated the minimum lot size for a building lot without public water and sewer in an R–2 residential district as 40,000 square feet. The lack of minimum area was the only non-conformity.

Lot # 15 was never improved and always vacant. Puleo acquired the property from the estate of Mrs. Wade H. Reeve (Mrs. Reeve). Mrs. Reeve owned Lot # 15 and the adjoining lot, which was improved with a single-family residence (Residential Lot). Mrs. Reeve was bequeathed Lot # 15 from her mother, Mrs. Weightman, in 1983, along with parcel no. 27–6–77. Mrs. Reeve had owned her Residential Lot since 1957, jointly with her husband, who predeceased her in 1991. When Mrs. Reeve died in February of 1994, she owned three contiguous lots.[1] All three lots were of legal minimum area in the 1950's, but did not meet the minimum lot area required by the 1975 amendment to the Township Zoning Ordinance. After Mrs. Reeve's death, the Residence and Lot # 15 were listed for sale. In 1995, the Residential Lot was sold. Then, in June of 1996, Puleo purchased Lot # 15 and applied for a building permit to construct a home. Puleo knew that the lots were in the common ownership of Mrs. Reeve since 1991.

---

1.

| TAX NO. 27–6–75 (Lot# 15) | TAX NO. 27–6–76 (Residential Lot) | TAX NO. 27–6–77 |
|---|---|---|

Mrs. Reeve became the owner of the above three lots after her mothers death in 1983, and her husbands death in 1991. Prior to her mothers death, Mrs. Reeve owned only the middle lot, tax parcel no. 27–6–76, as tenants by the entireties with her husband. The third lot, tax parcel no. 27–6–77, is not part of the dispute. At the time the ordinance was amended, the two lots that Mrs. Weightman owned were not adjoining.

The Board refused to grant Puleo a special exception to build because Lot # 15 was undersized, and ruled that Lot # 15 merged with the Residential Lot because of Mrs. Reeve's common ownership. Puleo appealed to the trial court.

On June 18, 1998, the trial court reversed the decision of the Board. The trial court held:

> The Township did not meet its burden by presenting sufficient evidence that Mrs. Reeves intended to merge the two parcels and, indeed, the evidence points to the contrary. The Board, therefore, abused its discretion in finding the properties were merged before Mr. Puleo purchased his lot. It is not clear from the decision of the Board, but if they are relying on an "automatic merger" having taken place when Mrs. Reeves became owner of both lots, the concept is contrary to the law. *Middletown.*[2]

Trial Court Opinion, June 18, 1998, at 5.

■ The Township contends that the trial court erred because Puleo was not required to prove that he came within the objective requirements for a special exception.[3]

Article XIX, Section 1901 of the Township Zoning Ordinance states:

> *A building may be erected or altered on any lot held at the effective date of this Ordinance in single and separate ownership which is not of the required minimum area, or width, or is of such unusual dimensions that the owner would have difficulty in providing the required open spaces for the district in which such lot is situated, provided that where a lot cannot meet the required yard requirements for the zoning district in which it is located, a Special Exception*

> *shall be authorized by the Zoning Hearing Board and provided further that the applicant does not own or control other adjoining property sufficient to enable him to comply. with the provisions of this Ordinance as amended.*[4] (emphasis added).

■ Both Lot # 15 and the Residential Lot were held under *single and separate ownership at the time of the 1975 amendment to the ordinance,* because Mrs. Reeves had not yet been bequeathed Lot # 15 and parcel no. 27–6–77. *West Goshen Township v. Crater,* 114 Pa.Cmwlth. 245, 538 A.2d 952 (1988), places the burden of proof on the applicant to show his intent to keep the adjoining lots separate and distinct if the lots were under *common ownership* prior to the amendment of the zoning ordinance. *Id.* However, *once single and separate ownership* is established at the time the ordinance takes effect; "The *municipality bears the burden of showing that the landowner has integrated the lots into one large parcel." Middletown,* 548 A.2d at 1300 (emphasis added). In the present controversy, the trial court found that the Township did not meet this burden. We agree.

The Honorable Paula Francisco Ott ably disposed of the issues in her comprehensive opinion. Therefore, we shall affirm on the basis of that opinion. *In Re: Appeal of Joseph A. Puleo, Jr. from Decision of Zoning Hearing Board of Schuylkill Township,* —— Pa. D. & C. 4th ——, 46 Chest. 144 (C.P.Pa.1998).

Accordingly, we affirm.

### ORDER

AND NOW, this 4th day of May, 1999, the order of the Court of Common Pleas of

---

**2.** *Middletown v. Middletown Township Zoning Hearing Board,* 120 Pa.Cmwlth. 238, 548 A.2d 1297 (1988), *appeal denied,* 522 Pa. 599, 562 A.2d 322 (1989).

**3.** Our review in a land use appeal where the common pleas court took no *additional* evidence is limited to a determination of whether the Board committed an error of law or manifestly abused its discretion. *A.R.E. Lehigh Valley Partners v. Zoning Hearing Board,* 139 Pa.Cmwlth. 361, 590 A.2d 842 (1991).

**4.** Most important, Puleo as the applicant never owned adjoining property sufficient to enable compliance.

Chester County in the above-captioned matter is affirmed.