569 A.2d 1030

**William G. PRICE, Appellant,**

v.

**BENSALEM TOWNSHIP ZONING HEARING BOARD, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1989.

Decided Feb. 8, 1990.

William F. Coyle, Philadelphia, for appellant.

Richard I. Moore, Moore & Berkowitz, Southampton, for appellee.

Before CRAIG and SMITH, JJ., and BARBIERI, Senior Judge.

CRAIG, Judge.

William G. Price appeals a decision of the Court of Common Pleas of Bucks County that affirmed a decision of the Bensalem Township Zoning Hearing Board denying Price's request for a certification of a nonconforming lot and variances which would allow the construction of a single family home on a parcel of land he owns.

The facts, as indicated in the zoning hearing board's findings, and by testimony, are as follows. In 1964, William Price acquired the title to two adjacent lots in an R–1 district in Bensalem Township. The previous owners, the Fergusons, transferred to Price the title of both lots by one deed. Both lots are one hundred feet deep; one of the lots, on which a house is situated, is fifty feet wide; the other lot, which is the subject of this appeal, is seventy-five feet wide and 7,500 square feet in total area.

Florence Ferguson alone had acquired the narrower, improved lot in 1941. She *and her husband* acquired the wider, unimproved lot in 1946. The township adopted its zoning ordinance in 1954. The ordinance requires residential lots in an R–1 district to be eighty feet wide and have an area of a minimum of 12,000 square feet. Thus, Price's vacant lot at issue is nonconforming, both as to width and total area.

Testimony in hearings before the board indicates that, after Price purchased the lots in 1964, he blacktopped the unimproved lot and part of the adjoining improved lot. In 1976, Price first requested a variance to build a single family dwelling on the unimproved lot. The township zoning officer denied that request. Price appealed that decision to the zoning hearing board, which affirmed the zoning officer's denial. Price never appealed that decision; however, three days after the decision, Price sold the improved lot to Richard Vorhauer.

In 1983, Price made a second request for a variance for the unimproved lot, and in the alternative, requested nonconforming lot certification. On appeal from the zoning officer's denial, the zoning hearing board determined that Price had neither demonstrated the existence of a valid nonconforming lot nor met his burden of proving a hardship sufficient to support the grant of a variance. The board concluded that Price, by selling off the improved lot separately, had created any hardship which existed with respect to the unimproved lot. The board also indicated that Price's failure to appeal the board's 1976 decision precluded Price's second request under the doctrine of res judicata.

Price filed an appeal of that decision; however, he and the zoning hearing board entered an agreement to have the trial court remand the matter to the board for reconsideration, and to take Price's testimony concerning his intended use of the lot. Ultimately, the board denied his variance request. On appeal to the court of common pleas, the trial court affirmed the decision of the board. Price then proceeded with this appeal.

Price raises two issues: (1) whether the trial court erred in determining that he was not entitled to an area variance for an unimproved, undersized lot, which had been held by the previous owner and her husband, under a title separate from her sole title to an adjoining lot, at the time the township adopted its zoning ordinance which made the lot nonconforming as to area and front width for single residential dwellings; and (2) whether the trial court erred in

determining that he was not entitled to a variance for the lot because refusal to grant the variance will "sterilize" the lot.

## 1. Variance and Res Judicata

Additionally, the board argues that its 1976 determination precludes review of Price's second request for a variance under the doctrine of res judicata. Although the board included discussion of this issue in its brief to the trial court, the trial court did not address this issue, except to indicate that Price had made an earlier request for a variance.

■ With respect to the zoning hearing board's res judicata argument, Pennsylvania courts apply that doctrine narrowly in zoning matters, because the need for flexibility outweighs the risk of repetitive litigation. Nevertheless, res judicata will bar relitigation of a request for a variance if four elements concur: (1) the identity of the thing sued for; (2) the identity of the cause of action; (3) the identity of the persons and parties to the action; and (4) the identity of the quality in the persons for or against whom the claim is made, *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975); and then, only if there are no substantial changes in circumstances relating to the land itself. *Filanowski v. Zoning Board of Adjustment*, 439 Pa. 360, 266 A.2d 670 (1970).

■ In oral argument before this court, counsel for Price, relying on *Hatchigian v. Koch*, 381 Pa. Superior Ct. 377, 553 A.2d 1018 (1989), contended that res judicata should not apply in this case. In *Hatchigian*, the court considered whether a judgment of non pros entered against the plaintiff had res judicata effect. The court concluded that a judgment of non pros could not have res judicata effect because it is not a judgment on the merits. In contrast to a judgment of non pros, the zoning hearing board's determination in 1976 of Price's appeal from the

zoning officer's denial, which Price failed to appeal, constituted an adjudication on the merits with res judicata effect.

With regard to Price's second request for a variance, as the board points out, it specifically found that no change in circumstances relating to the land had occurred after the board's 1976 decision which would justify reconsideration of Price's request for a variance. Price has not challenged those factual determinations, and there is nothing in the record which suggests any changes have occurred. Thus, with respect to Price's request for a variance, res judicata precludes relitigation of that issue.

Moreover, even if res judicata did not preclude consideration of Price's request for a variance, the board's evaluation on the merits is correct.

In this case, the board concluded that Price created the hardship he claims as the basis for his requested variance, because the lots had merged to make one conforming lot, and Price divided the lot.

■ Although Price is correct in noting that a property owner's knowledge of a hardship before purchase is generally insufficient to preclude the grant of a variance unless the acquisition gives rise to the hardship, *Zoning Hearing Board of Bensalem Township v. Grace Building Company*, 39 Pa.Commonwealth Ct. 552, 395 A.2d 1049 (1979), Price's knowledge of the hardship was not the sole basis for the board's decision.

■ Rather, the facts in this case provide a variation of those cases upon which Price relies, because Price was not merely a purchaser with knowledge, but rather a seller whose actions divided a larger conforming parcel into one improved lot and one unimproved substandard lot.

Nevertheless, Price argues that he stands in the shoes of the Fergusons, who owned the lot before him. Thus, he contends, he may take advantage of the right to a variance which he maintains the Fergusons possessed.

206

Price relies on *Jacquelin v. Horsham Township*, 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973) for the proposition that zoning authorities must grant a variance to the owner of a dimensionally nonconforming lot when the nonconformance predates the zoning ordinance, to allow productive use of the property.

Price also refers to this court's decision in *West Goshen Township v. Crater*, 114 Pa.Commonwealth Ct. 245, 538 A.2d 952 (1988). In *West Goshen Township*, a property owner requested a special exception and variances under provisions similar to those at issue here. The court, in reviewing the property owner's request for a special exception held that the adjoining lot did not qualify for a special exception, because the lot for which the property owner sought the exception had not been held in single and separate ownership. However, on the issue of the requested variance the court stated:

> Where a lot is too small to conform with the minimum lot area requirements, *and cannot be made to conform by merging lots or by resubdividing a larger tract, enforcement of the ordinance would sterilize the land, creating the necessary hardship which will justify the granting of a variance.* (Emphasis added.)

114 Pa.Commonwealth Ct. at 252, 538 A.2d at 955.

That language suggests that Price, whose two lots together formed a conforming lot, cannot claim a necessary hardship that justifies the granting of a variance.

Having determined that the lots merged subsequent to the 1954 ordinance, the board, and the trial court properly concluded that Price's sale of the improved lot resulted in a self-created hardship.

■ However, the preclusive effect of the board's 1976 determination does not prevent this court from considering Price's request for nonconforming lot certification, because he did not make that request in 1976. *See Harrington v. Zoning Hearing Board of East Vincent Township*, 117 Pa.Commonwealth Ct. 197, 543 A.2d 226 (1988).

## 2. Nonconforming Lot Status

With respect to the issue of nonconforming lot certification, the board recited Section 1100 of the township zoning ordinance, relating to non-conforming buildings and uses, which states:

> Any lawful use of a building or land existing at the effective date of this Ordinance may be continued, although such use does not conform to the provisions of this ordinance.

However, a review of the township zoning ordinance reveals that there is a more pertinent provision which addresses nonconforming lots. Section 1101 states:

**Non-Conforming Lots.**

**1. Held in Single and Separate Ownership.** A building may be erected or altered on any lot held at the effective date of the Ordinance in single and separate ownership which is not of the required minimum area or width or is of such unusual dimensions that the owner would have difficulty in providing the required open spaces for the district in which such lot is situated. . . .

Nevertheless, by addressing the issue of single and separate ownership, the board clearly analyzed the nonconforming lot issue as if Price had specifically relied upon this provision. The board implicitly concluded that the previous owners did hold the lot in single and separate ownership in 1954, when the township adopted the zoning ordinance. However, the board determined that the two lots merged in 1958, after the enactment of zoning, when the Fergusons first held the two lots as joint owners.

In *Parkside Associates v. Zoning Hearing Board*, 110 Pa.Commonwealth Ct. 157, 532 A.2d 47 (1987), this court stated:

> The Board and the trial court relied upon *Alexander v. Abington Township*, 104 Montg.Co.L.R. 231 (1976), (C.P. Pa.1976), where the court ruled that automatic merger occurs whenever adjoining properties come into common ownership. We cannot agree with such a rule, for it

would prohibit a landowner from purchasing and building upon an adjoining lot under the terms of an ordinance such as the present one. We have already held in a similar situation that a board abuses its discretion when it denies a requested variance to an adjoining landowner. *Jacquelin v. Horsham Township*, 10 Pa.Commonwealth Ct. 473, 312 A.2d 124 (1973). Exceptions for lots predating a zoning ordinance are not personal, but must be deemed to run with the land. If it can be shown that a property owner who purchases adjoining tracts does not intend to keep the adjoining tracts separate and distinct, that intent should be honored when questions such as presented here arise. Unfortunately, for appellant, no such proof of the Whites' intent was presented in this case so that at the time of the zoning ordinance, the parcels were no longer separate and distinct.

110 Pa.Commonwealth Ct. at 161, 532 A.2d at 49.

*Parkside Associates* involved an ordinance provision similar to the one at issue here. However, in that case the owners, at the time the ordinance was adopted, held the adjacent lots in single ownership, whereas, in this case, the Fergusons did not own the lots in single, i.e., unified, ownership at the time the ordinance was adopted.

In the present case, the board decision indicates that, even if the Fergusons held the lot in single ownership at the time the ordinance was adopted, Price could not claim the benefit of the special exception provision because the owners, subsequent to the enactment of the ordinance, took action which merged the lots:

The question as to merger where subjective intent to merge is shown after the passage of the ordinance has not been answered definitively. It is arguable that where one lot is developed and the other undeveloped for many years, except for a patio on it, that subjective intent to merge has been shown. Once such intent is shown, merger is effective and binding on all future owners of the land because this conclusion would best achieve the

intent of the zoning ordinance to make nonconforming properties conform whenever possible.

Board opinion, December 7, 1976, p.5.

Two factors support the board's conclusion that the lots merged before Price requested the special exception. First, the board found that the Fergusons became joint owners of both lots in 1958. Although *Parkside* states that common ownership of adjacent lots provides an insufficient basis upon which to conclude that two lots have merged, in this case, the board did not find credible Price's testimony that he intended to keep the two tracts separate and distinct after he acquired them. Looking to evidence of the Fergusons' joint ownership, and Price's use of the lots, including the fact that he blacktopped a contiguous section of both lots, the board properly could conclude that the lots had merged.

In *DeMartino v. Zoning Hearing Board of Newtown Township*, 93 Pa.Commonwealth Ct. 498, 502 A.2d 294 (1985), this court reviewed a zoning hearing board's denial of a similar special exception. Recognizing that the provision expressed no requirement that the exception provision was personal to the owner of the lot on the date of the enactment of the ordinance, the court stated in dictum:

> [T]he Court of Common Pleas of Delaware County held that a landowner need only show that the lot remained intact since the enactment of the zoning ordinance and that the landowner seeking the special exception can trace title back to the time. 64 Del. Co. Rpts. 309 (1977).

93 Pa.Commonwealth Ct. at 503, 502 A.2d at 296.

Further support for the board's decision is found in *Brosnan's Appeal*, 330 Pa. 161, 198 A. 629 (1938). In that case, W.A. Miller transferred title to Marie E. Miller of a parcel with the following dimensions: frontage and width of 76 feet, 100 feet deep on one side, and the rear and other side of different lengths. The ordinance required a front width of forty feet. While Marie Miller still had title to the property, W.A. Miller acquired a permit to build a house on a rectangular segment of the lot that satisfied the zoning

ordinance width and depth requirements. He built a house on that lot. The remaining lot did not conform to the ordinance because the width was only 36 feet. The Millers conveyed the improved lot to Brosnan as a 36 foot wide lot (instead of the forty feet for which the permit to build was granted). Thus, after the conveyance, the Miller's remaining lot conformed to the 40 foot requirement. The court agreed

that "this violated the city ordinance; that land once subjected by the conduct of the parties to the restriction specified in the ordinance could not be relieved from the restriction by the mere device of conveying it to an adjoining owner, or of treating it as part of an adjoining lot."

330 Pa. at 165–6, 198 A. at 631–2.

■ We agree with the board's proposition that special exception entitlements can run with the land as long as owners take no affirmative action to change the separate and distinct character of a nonconforming lot. In this case, the board properly concluded that the Fergusons' joint ownership of the lots, and Price's subsequent use of the two lots as one lot, in apparent conformity with the zoning ordinance, caused a merger of the lots, thus precluding him from obtaining the benefit of the special exception provision.

The trial court's decision is affirmed.

## ORDER

Now, February 8, 1990, the decision of the court of Common Pleas of Bucks County at No. 87–4413–16–5, dated January 5, 1989, is affirmed.