**DUBOIS DUTCH, LLC**

v.

**John A. GUIDO, Appellant.**

**John A. Guido, Appellant**

v.

**Dubois Dutch, LLC.**

Commonwealth Court of Pennsylvania.

Argued: Oct. 9, 2007.

Decided Dec. 28, 2007.

Reargument Denied Feb. 13, 2008.

Anthony S. Guido, Dubois, for appellant.

Toni M. Cherry, Dubois, for appellee.

BEFORE: COLINS and SIMPSON, Judges, and KELLEY, Senior Judge.

OPINION BY Judge COLINS.

In this companion case to another appeal argued before this Court, *Dubois Dutch v. Sandy Township Board of Supervisors*, 940 A.2d 576 (Pa.Cmwlth.2007), this Court hereby adopts the historical and procedural history presented in that case. Briefly stated, this case involves an appeal of the decision of the Court of Common Pleas of Clearfield County granting the specific performance Dubois Dutch requested, seeking to compel John A. Guido

---

to transfer actual title to property Dubois Dutch equitably owned by virtue of its exercise of a purchase option in a Lease Agreement, and denying Guido's request for an order ejecting Dubois Dutch from a parcel of land on which it operates a restaurant called the "Dutch Pantry."

Dubois Dutch's lease agreement provided the lessee with the right to exercise a purchase option. Dubois Dutch sought to exercise this option by letter notice dated November 16, 1998. Guido indicated in response to that notice that he would not convey the restaurant parcel because if he did so he would be left with a lot that did not meet the minimum lot size requirements in the zoning district in which the property is located. Dubois Dutch requested formal subdivision approval of the property from the Township Planning Commission on November 28, 1998, but Guido objected to this request, and the Planning Commission recommended that the governing body reject the request.

Guido then sent a letter to Dubois Dutch on January 27, 1999 stating that Dubois Dutch's lease would expire on February 28, 1999, and directing Dubois Dutch to vacate the premises unless Dubois Dutch agreed to a settlement that would re-allocate the property such as to make Guido's lot sufficient in size to satisfy the ordinance's minimum lot size requirements. Dubois Dutch then filed the present specific performance action, seeking an order compelling Guido to secure subdivision approval, release the property from a mortgage lien held by S & T Bank, and to convey the parcel subject to the lease option. In response, Guido asserted that he could not comply by conveying the property because to do so would violate the zoning ordinance's minimum lot size requirements.

Guido then filed an ejectment action against Dubois Dutch seeking possession of the parcel based upon the fact that the terms of the lease expired on February 29, 1999. Dubois Dutch responded with preliminary objections asserting that Guido's response to the specific performance action already included an ejectment claim in the new matter.

As described in the companion case, Dubois Dutch also filed a subdivision request with the Township's Planning Commission seeking formal subdivision of Dubois Dutch's lot from the property to which it was not legally subdivided. While that subdivision dispute was pending, the parties agreed to defer resolution of this specific performance matter until after the subdivision matter had completed its appellate legacy. That resolution occurred when the Supreme Court affirmed this Court's decision regarding Dubois Dutch's initial subdivision request, *Guido v. Township of Sandy*, 584 Pa. 93, 880 A.2d 1220 (2005), and Dubois Dutch submitted a written request for a waiver of the Township's minimum lot size requirements pursuant to the Township's subdivision and land use development ordinance (SALDO) modification provision.

At the same time, Dubois Dutch requested that the trial court address the specific performance request. The trial court concluded that Dubois Dutch is entitled to specific performance and granted that relief, while rejecting Guido's ejectment claim. Judge Fredric J. Ammerman of the Court of Common Pleas of Clearfield County issued a thorough and well-reasoned decision in this matter, and this Court hereby adopts that opinion in support of our decision to affirm the trial court's order.

### ORDER

AND NOW, this 28th day of December 2007, the orders of the Court of Common

Pleas of Clearfield County in the above-captioned matters are affirmed on the basis of the opinion of Judge Fredric J. Ammerman at Nos. 99–160–CD and 99–263–CD, —— Pa. D. & C.4th ——, filed February 23, 2007.